# IN THE COURT OF APPEALS OF IOWA

No. 19-1635
Filed September 2, 2020

**REG WASHINGTON, LLC,**
　　　　Plaintiff-Appellee,

**vs.**

**WARREN BUSH, WILLIAM HORAN, TAYLOR SCHROEDER, CHARLES & ANGELA BUSH, GARY SOULES, LINDA BUSH and TIM BURRACK,**
　　　　Defendants-Appellants.
_____

　　　　Appeal from the Iowa District Court for Sac County, James M. Drew, Judge.


　　　　The defendants appeal the district court order granting summary judgment for REG Washington, LLC. **AFFIRMED.**


　　　　Warren L. Bush, Wall Lake, for appellants.

　　　　John F. Lorentzen and Thomas C. Goodhue of Nyemaster Goode, P.C., Des Moines, for appellee.


　　　　Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

Warren Bush, William Horan, Taylor Schroeder, Charles and Angela Bush, Gary Soules, Linda Bush, and Tim Burrack (the defendants) appeal the district court order granting summary judgment for REG Washington, LLC (REG) on its restitution claim and dismissing their counterclaims. The action arises from REG's attempt to purchase the defendants' units of ownership in Iowa Renewable Energy (IRE). The defendants accepted REG's offer to pay $442.50 per unit for 1895 units, and REG tendered payment.

IRE's operating agreement prohibits the owners of its units from transferring units unless the board of directors approves the transfer in writing and gives the board of directors sole discretion to withhold approval. In a letter dated March 24, 2017, IRE's president informed the defendants that the board of directors "decided to not permit any Transfers to REG related to the REG Offer." IRE instead offered to pay the defendants $600 per unit for up to 2500 units. Because REG believed it had lawfully bought the units, it instructed the defendants to reject IRE's offer.

After unsuccessfully pursuing a mandamus action to challenge the board's refusal to approve the unit transfer, REG filed this action for restitution to recoup the purchase money it paid to the defendants. The defendants counterclaimed, alleging that REG interfered with its opportunity to sell the units to other entities. The district court granted summary judgment for REG, ordered the defendants to refund the purchase price to REG, and dismissed the defendants' counterclaims.

On appeal, the defendants challenge the order granting summary judgment for REG. We review summary judgment rulings for correction of errors at law. *See MidWestOne Bank v. Heartland Co-op*, 941 N.W.2d 876, 882 (Iowa 2020).

Summary judgment is appropriate when the only conflict concerns the legal consequences that flow from the undisputed facts. *See id.* We will affirm the grant of summary judgment if, when viewing the facts and all inferences that may be taken from them in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. *See id.*

The district court entered judgment for REG against each defendant in the amount REG paid for IRE units under the contract after finding the contract's clear and unambiguous language made REG's acquisition of the IRE units an express condition of the sale. The record supports this finding. Under the heading "Approval Condition," the contract states that REG is "not obligated to purchase any Units unless any required approval, permit, authorization, license or consent shall have been obtained . . . from . . . the IRE Board, including approval of the transfer of the Units tendered pursuant to this Offer to Purchaser . . . ." Because the defendants failed to satisfy this condition, they must return REG's payment for the units. *See Potter v. Oster*, 426 N.W.2d 148, 150 (Iowa 1988) (stating restitution requires the party in breach to disgorge what was received by returning the benefit to the injured party who conferred it, thus returning the party in breach back to its original position).

The defendants also contend the district court erred in rejecting their counterclaim for tortious interference with prospective business or economic advantage and failing to hold REG responsible for the IRE income the defendants have been required to report on their personal income tax returns. In rejecting the counterclaim for tortious interference with prospective business advantage, the court found that REG told the defendants to reject IRE's offer to purchase the units

with the good-faith belief that it was the owner of those units. We agree the defendants failed to show REG had the requisite bad faith to succeed on this counterclaim. *See Jones v. Univ. of Iowa*, 836 N.W.2d 127, 151 (Iowa 2013) (requiring proof that one party intentionally and improperly interfered with the other party's contract "with the sole or predominant purpose to injure or financially destroy" the other party (citation omitted)). We also agree that there is no basis for holding REG responsible for the defendants' tax situation.

We affirm the order granting summary judgment for REG. In view of our decision, we need not consider defendants' other arguments.

**AFFIRMED.**